DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| KANE CARIBBEAN, INC., )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>COUNTRYSIDE DEVELOPMENT, INC., )<br>d/b/a FERGUTRAX HEAVY EQUIPMENT, )<br>DWAYNE FERGUS, and JANE FERGUS )<br>)<br>    Defendants. ) | Civil No. 13-35VI |

AMBROSE, Senior District Judge

**MEMORANDUM ORDER OF COURT**

Plaintiff initiated this case on April 8, 2013, with a Petition seeking "validation and execution" of a default judgment entered in favor of Plaintiff and against Defendants in the United States District Court for the District of Puerto Rico. [ECF No. 1]. In the Petition, Plaintiff asks the Court to give the Puerto Rico judgment "full faith and credit" and to issue a writ of execution "to effectuate the purpose of the judgment." Id. Plaintiff did not register the Puerto Rico judgment in this Court prior to filing his Petition. On December 9, 2014, after conducting discovery, Plaintiff filed a Motion for Summary Judgment requesting that the prior judgment be registered against Defendants in this Court in accordance with 28 U.S.C. § 1963 so that Plaintiff can execute the judgment in St. Croix. [ECF No. 39]. Defendants oppose Plaintiff's Motion. [ECF No. 42]. Plaintiff filed a Reply Brief on May 12, 2015. [ECF No. 43]. The Motion is now ripe for my review.

The relevant background of this case may be summarized succinctly as follows. Plaintiff, Kane Caribbean, Inc., states in its Petition that it is a Puerto Rico corporation with its principal place of business in Toa Baja, Puerto Rico. [ECF No. 1, at 1]. Plaintiff describes Defendant, Countryside Development, Inc., d/b/a Fergutrax Heavy Equipment ("CDI"), as a U.S. Virgin Islands corporation with its principal place of business in St. Croix. Id. Plaintiff alleges

that Defendant Dwayne Fergus was the president of CDI. [ECF No. 39, Statement of Fact 5(a)]. According to Plaintiff's Statement of Facts, Dwayne Fergus, in his personal capacity and as president of CDI, entered into a security agreement and daily installment contract with Plaintiff on October 17, 2000. Id. Plaintiff contends that it subsequently filed suit against Defendants in the United States District Court for the District of Puerto Rico at Civil Action No. 08-1955 (ADC) for failure to honor the obligations under the contract. Id., Statement of Fact 5(b), (c) & Ex. 1. Plaintiff states that the United States District Court for the District of Puerto Rico entered a default judgment against Defendants in that case. Id., Statement of Fact 5(d) & Ex. 1. Plaintiff attached a copy of the alleged Default Judgment as Exhibit 1 to its Motion for Summary Judgment. Id. Ex. 1. The Default Judgment is dated October 26, 2009, and was entered "against the defendants in the due and payable amount of $642,896.42, plus $144.92 for each day after August 3, 2009, until payment in full." Id. The copy of the Default Judgment attached to Plaintiff's Motion appears to be a printout of the judgment from the CM/ECF system. Plaintiff has not attached a certified copy of the Default Judgment.

Plaintiff further alleges that, on November 15, 2010, it entered into a partial payment agreement with Defendant Dwayne Fergus and acknowledges receipt of $177,174.46 under that agreement. Id. Statement of Fact 9, 12 & Exs. 8, 9. This payment reduced the judgment to $606,304.35, plus $144.92 for each day after May 3, 2012, until payment in full. Id. As of the date of Plaintiff's Motion, Defendants had not paid the remainder of the judgment.

As set forth above, Plaintiff's Motion requests that the Default Judgment entered in the U.S. District Court for the District of Puerto Rico be registered against Defendants in this Court in accordance with 28 U.S.C. § 1963. See ECF No. 39, at 1-2. 28 U.S.C. § 1963, entitled "Registration of judgments for enforcement in other districts," provides as follows:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered **by filing a certified copy** of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for

> appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
>
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.
>
> The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

28 U.S.C. § 1963 (emphasis added). Registration of a judgment under Section 1963 is a "ministerial act" in terms of the actual mechanical process of registering.[1] 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2787 (3d ed.). Once registered, the judgment has the same effect as a judgment of the court in which it is registered and may be enforced in the same manner as a judgment of the registration court. Id.; see also On Track Transp., Inc. v. Lakeside Warehouse & Trucking, Inc., 245 F.R.D. 213, 220 (E.D. Pa. 2007).

Here, Plaintiff seeks to register the District of Puerto Rico default judgment in this Court because Defendants are citizens and residents of the U.S. Virgin Islands, and Plaintiff consequently was unable to execute on the judgment in Puerto Rico. Petition [ECF No. 1] at 2-3. After careful consideration, Plaintiff's Motion is denied.

As set forth above, Plaintiff did not attach a certified copy of the default judgment at issue to any of its filings despite the fact that Section 1963 plainly requires certification. 28 U.S.C. § 1963. There likewise is no indication that the clerk of court for the District of Puerto Rico completed a certification form or otherwise transmitted a certified copy of the judgment to this Court. Indeed, Plaintiff appears to concede that it has not supplied a certified copy of the

---

[1] There is a national court form available (AO 451) through which the clerk of court of the rendering district may certify a judgment to be registered in another district at a party's request. See http://www.uscourts.gov/forms/civil-judgment-forms/clerks-certification-judgment-be-registered-another-district. Typically, a plaintiff proceeding under Section 1963 may register a federal judgment simply by transmitting the certified judgment from the rendering court to the clerk of the registering court without initiating a separate lawsuit. See 28 U.S.C. § 1963; Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 65 & n.3 (D.N.J. 1989). Section 1963, however, provides a cumulative remedy; it does not prevent a judgment creditor from, as here, bringing an independent action to enforce a judgment. Associated Bus. Tel. Sys. Corp., 128 F.R.D. at 67-68.

default judgment, arguing in its brief that "[i]n view of the advanced technology unknown at the time of approval of section 1963, . . . we believe reference to the CM/ECF system does not require the filing of a certified copy to support this petition." ECF No. 39, at 1. Plaintiff, however, neglects to provide any support for this blanket assertion, and research has revealed none. To the contrary, both the plain language of the statute and the applicable registration forms continue to require certification. The federal certification of judgment form cited in footnote 1, for example, was last revised in December 2012 – well after the advent of the CM/ECF system. In short, there simply is no authority supporting the assumption that the public availability of a "cyber" copy of a judgment somehow obviates the need for proper certification of that document.

Because Plaintiff has not complied with Section 1963's certification requirement, or otherwise followed the proper procedure for authenticating a judgment from another district,[2] I cannot grant the pending Motion for Summary Judgment and/or register the judgment in this Court at this time. Accordingly, Plaintiff's Motion for Summary Judgment [ECF No. 39] is DENIED.[3] Plaintiff shall have until February 29, 2016, to file a properly authenticated copy of the judgment at issue or show cause why this action should not be dismissed for failure to properly register the judgment at issue in this district. If and when the judgment is successfully registered in this Court, Plaintiff may seek a writ of execution and/or other process for the enforcement of the judgment at that time.

---

[2] Plaintiff has not supplied any authority supporting an alternative procedure for registering its default judgment in the Virgin Islands absent proper authentication of that judgment.

[3] Defendants' primary argument in opposition to the Motion for Summary Judgment is that the Partial Payment Agreement into which the parties entered provides for exclusive jurisdiction in the U.S. District Court for the District of Puerto Rico for all causes of action that may arise in relation to that Agreement. [ECF No. 42, at 4-5]. This argument is premature. Because it would be improper to consider the validity and/or enforceability of the judgment at issue unless and until it is authenticated and registered as a judgment in this Court, I decline to do so here.

THEREFORE, this 8th day of February, 2016, it is so ORDERED.

BY THE COURT:

s/  Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge