DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| KANE CARIBBEAN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 13-35VI |
| ) | |
| COUNTRYSIDE DEVELOPMENT, INC., ) | |
| d/b/a FERGUTRAX HEAVY EQUIPMENT, ) | |
| DWAYNE FERGUS, and JANE FERGUS ) | |
| ) | |
| Defendants. ) | |

AMBROSE, Senior District Judge

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kane Caribbean, Inc., initiated this case on April 8, 2013, with a Petition seeking "validation and execution" of a default judgment entered in favor of Plaintiff and against Defendants in the United States District Court for the District of Puerto Rico ("Default Judgment"). [ECF No. 1]. In the Petition, Plaintiff asks the Court to give the Default Judgment "full faith and credit" and to issue a writ of execution "to effectuate the purpose of the judgment." Id. Plaintiff did not register the Default Judgment in this Court prior to filing its Petition. On December 9, 2014, after conducting discovery, Plaintiff filed a Motion for Summary Judgment requesting that the Default Judgment be registered against Defendants in this Court in accordance with 28 U.S.C. § 1963 so that Plaintiff could execute the judgment in St. Croix. [ECF No. 39]. On February 8, 2016, I denied the Motion for Summary Judgment because Plaintiff failed to provide the Court with a properly authenticated copy of the default judgment at issue. [ECF No. 46]. In response to the February 8 Order, Plaintiff filed the instant "Informative Motion, Presentation of Certified Copy Judgment and Request for Deposition of Defendants for Discovery and Assets," attaching the requested certified copy of the Default Judgment entered

by the U.S. District Court for the District of Puerto Rico. [ECF No. 49]. Plaintiff's Motion also asks that a writ of execution be issued by the Clerk of Court and that Plaintiff be allowed to take a 30(b)(6) deposition of Defendants Countryside Development, Inc. and Dwayne Fergus in order to obtain information regarding Defendants' property pertinent to execution. Id.

Although, in its prior Motion for Summary Judgment, Plaintiff requested registration of the Default Judgment in accordance with 28 U.S.C. § 1963, the procedural posture of the instant action is more akin to an independent action to enforce the Default Judgment than to registration under the statute which typically entails simply transmitting the certified judgment from the rendering court to the clerk of the registering court without initiating a separate lawsuit. Nevertheless, both methods require a properly authenticated judgment, and both are acceptable avenues for seeking recognition of a federal court judgment in another federal district for purposes of execution. See 28 U.S.C. § 1963 ("The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments."); Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 67-68 (D.N.J. 1989) (noting that Section 1963 provides a cumulative remedy; it does not prevent a judgment creditor from bringing an independent action to enforce a judgment).

Given that Plaintiff has filed a properly authenticated copy of the Default Judgment at issue, I will grant the instant Motion insofar as Plaintiff requests recognition and localization of the Default Judgment in the U.S. District Court for the District of the Virgin Islands. After entry of Judgment in this Court, Plaintiff may ask the Clerk of Court to issue a Writ of Execution and/or conduct appropriate discovery in aid of execution in conformity with applicable rules of procedure, Virgin Islands statutes, and/or local rules. See Fed. R. Civ. P. 69(a).

AND NOW, this 25th day of May, 2016, it is ORDERED that the Default Judgment shall be recognized and shall be treated in the same manner as a judgment of this Court and that the Default Judgment shall have the same effect and be enforceable in the same manner as a

3

judgment of this Court. Defendants shall be credited with any amounts already paid to Plaintiff under the Default Judgment.

          BY THE COURT:

          s/ Donetta W. Ambrose
          Donetta W. Ambrose
          United States Senior District Judge